IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40388
Summary Calendar
_____

GERALD KING,

Plaintiff-Appellant,

v.

WAYNE SCOTT; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS
BOARD OF PARDONS AND PAROLES; WILLIAM SHELBY; WOOTEN,
Warden; T. HAYNES, Major; UNIVERSITY OF TEXAS MEDICAL
BRANCH GALVESTON,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CV-235
--------------------
December 12, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gerald King, Texas prisoner number 589458, has appealed the
district court's judgment dismissing his civil rights complaint
as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

King's motions for leave to supplement the record on appeal
and for appointment of counsel are denied. See Theriot v. Parish
of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999); Ulmer v.
Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

King complains that the district court dismissed his complaint prior to serving the defendants. An in forma pauperis ("IFP") complaint shall be dismissed *at any time* if the district court determines that the case is frivolous or malicious. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); see 28 U.S.C. § 1915(e)(2)(B)(i).

King contends that the district court should not have dismissed his complaint without holding an evidentiary hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). King has not shown that the deficiencies in his constitutional claims could be cured by additional factual development. See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

King contends that the defendants acted with deliberate indifference to his asthma and hypertension by changing his medication and by assigning him to field work. King merely disagrees with the course of treatment. Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a 42 U.S.C. § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); see Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

King contends that the defendants retaliated against him because he is a writ writer. King's conclusional allegations show only that King subjectively believes that the defendants retaliated against him. See Woods v. Smith, 60 F.3d 1161, 1166

(5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).

King contends that the Unit Warden had established a quota for field workers and that blacks and writ writers were singled out for work in the fields. He contends that the defendants were motivated by racial animus because he is black. King complains also that the defendants retaliated against him because he filed a civil rights complaint in the district court. Because these issues have been raised for the first time on appeal, they have not been considered. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

King contends that the district court erred in determining that the Texas Department of Criminal Justice—Institutional Division and the Texas Board of Pardons and Paroles are immune from suit under the Eleventh Amendment. This argument is without merit. See Oliver v. Scott, 276 F.3d 736, 742 & n.5 (5th Cir. 2002); Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

King contends that the district court was unfairly biased against him. This argument is without merit. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Because the appeal is frivolous, it is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the dismissal of the complaint as frivolous by the district court

both count as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  In King v. Texas Dept. of Crim. Justice—Institutional Div., No. 02-10380 (5th Cir. Oct. 30, 2002) (unpublished), this court recognized that King had accumulated three strikes for purposes of 28 U.S.C. § 1915(g).  We reiterate that King may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; IMPOSITION OF THREE-STRIKES BAR REITERATED.