United States Court of Appeals,

Fifth Circuit.

No. 95-50536

Conference Calendar.

Curtis Wayne LITTLES, Plaintiff-Appellant,

v.

BOARD OF PARDONS AND PAROLES DIVISION, Defendant-Appellee.

Nov. 2, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, REAVLEY and SMITH, Circuit Judges.

PER CURIAM:

Curtis Wayne Littles appeals the district court's dismissal of his civil rights suit as frivolous pursuant to 28 U.S.C. § 1915(d)[*]. Littles, proceeding *pro se* and *in forma pauperis,* sued the Texas Board of Pardons and Paroles (the Board) because it allegedly failed to provide him a written statement of its reasons for revoking his parole. Littles requested damages and unspecified declaratory and injunctive relief.

While on release, Littles received notice that he had violated the conditions of his parole. After a parole-revocation hearing, Littles was informed that he would receive written notice of the Board's decision including reasons for the decision. Littles asserts that the Board's failure to provide reasons for revoking

---

[*]The district court dismissed Littles's complaint with prejudice prior to service; this court treats the dismissal as a § 1915(d) dismissal. *Boyd v. Biggers,* 31 F.3d 279, 281 (5th Cir.1994).

1

his parole violated his due process rights and deprived him of a liberty interest in his freedom from incarceration.

A complaint filed *in forma pauperis* may be dismissed if the complaint is frivolous. 28 U.S.C. § 1915(d); *Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994). A § 1915(d) dismissal is reviewed for an abuse of discretion. *Booker v. Koonce,* 2 F.3d 114, 115 (5th Cir.1993).

The district court concluded that Littles's § 1983 claim questioned the validity of his conviction and that Littles had not satisfied the requirements of *Heck v. Humphrey,* --- U.S. ----, ---- , 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), by having his conviction reversed, expunged, declared invalid, or called into question by a federal court's writ of habeas corpus. Thus, the district court dismissed Littles's complaint as not cognizable under § 1983 pursuant to *Heck.*

"*Heck* applies to proceedings which call into question the fact or duration of parole." *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 148, --- L.Ed.2d ---- (1995). Even if a complaint is subject to dismissal under *Heck,* it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis. *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir.1994).

"The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity." *McGrew v. Texas Bd. of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir.1995). Parole officers are entitled to

2

absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. *See Walter v. Torres,* 917 F.2d 1379, 1384 (5th Cir.1990); *see Hulsey v. Owens,* 63 F.3d 354, 356-57 (5th Cir.1995) (failure to provide timely a copy of parole-revocation officer's findings is conduct protected by absolute immunity). Littles's § 1983 claims against the Board are barred by the Eleventh Amendment.

Littles's action is also barred under *Heck.* *Heck* holds that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck,* --- U.S. at ----, 114 S.Ct. at 2372. Littles has questioned the validity of the confinement resulting from his parole-revocation hearing, and he has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as *Heck* mandates.

The district court did not abuse its discretion when it dismissed Littles's complaint.

AFFIRMED.