97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph CORSETTI, Plaintiff-Appellant,
v.
Kenneth McGINNIS, Director, Michigan Department of
Corrections; Gary Gabry, Chairperson, Michigan
Parole Board; Ronald Gach, Parole Board
Member, Defendants-Appellees.
 No. 95-2061.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Joseph Corsetti appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Corsetti filed his complaint in the district court alleging that he was deprived of due process in state parole revocation proceedings. Specifically, plaintiff alleged that he was denied an attorney and a formal revocation hearing in 1993. Plaintiff named the defendant Director of the Michigan Department of Corrections and Michigan Parole Board members in their individual and official capacities and sought declaratory relief and compensatory and punitive damages. Defendants moved to dismiss the complaint, and plaintiff responded in opposition. The district court granted defendants' motion and dismissed the complaint. On appeal, plaintiff contends that defendants are liable under § 1983 for the alleged deprivation of his rights in the state parole revocation proceedings. Defendants respond that plaintiff's claim is not cognizable under § 1983 and that the district court otherwise properly dismissed plaintiff's complaint.
 
 
 3
 Upon consideration, the district court's judgment is affirmed for the reasons stated in its opinion filed September 12, 1995. In addition, we note that plaintiff's claims are not cognizable under § 1983 because plaintiff's parole revocation has not been declared invalid by a state tribunal or in federal habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Littles v. Board of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir.1995) (per curiam).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.