IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30733
Conference Calendar

_____

JOHNNY NARCISSE,

Plaintiff-Appellant,

versus

DONALD CREYDARE; LOUISIANA DEPARTMENT OF PAROLE;
LOUISIANA BOARD OF PAROLE; RICHARD L. STALDER;
JOHN P. WHITLEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-337
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Johnny Narcisse, Louisiana prisoner #101252, appeals from the dismissal of his prisoner civil-rights action as frivolous, for failure to state a claim, and for seeking monetary relief against defendants who are immune from suit. Narcisse moves for leave to file a supplemental brief; his motion is DENIED. Narcisse contends that the district court erred by dismissing his claim against the members of the Louisiana Board of Parole ("the Board") on the basis of absolute immunity and that he stated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

facts against Parole Officer Donald Creydare sufficient to withstand a dismissal for failure to allege facts giving rise to a constitutional violation. Narcisse concedes that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but he argues that his claims should have been dismissed without prejudice so that he could pursue further relief in state and federal court.

Narcisse filed an amended complaint after the magistrate judge filed his report and recommendations. The amended complaint superseded Narcisse's initial complaint and should have been considered by the district court. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

To the extent that Narcisse sought relief against the individual members of the Board (he did not explicitly do so), the allegations in the amended complaint made clear that the members of the Board had no knowledge that he had been arrested; any claims Narcisse may have wished to raise against them based on their own actions lacked any basis in fact. To the extent that Narcisse may have sought to hold the individual members of the Board vicariously liable for Creydare's actions, his claim was legally frivolous. *Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979). Creydare was absolutely immune from Narcisse's damages action. *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Narcisse's amended complaint therefore was subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

AFFIRMED.