IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50021
Conference Calendar
_____

RUSSELL EUGENE GALER, II,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-305
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Russell Eugene Galer II, Texas prisoner #315395, seeks leave
to proceed in forma pauperis (IFP) on appeal following the
district court's certification that his appeal is taken in bad
faith. Galer argues that *Heck v. Humphrey*, 512 U.S. 477 (1994),
is inapplicable to his case because his claim challenging
revocation of his parole or mandatory supervision is cognizable
under 42 U.S.C. § 1983. Galer's motion to file a supplemental
brief in support of his motion is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Heck* bars Galer's revocation contention. *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Galer's appeal is frivolous. His IFP motion is DENIED and his appeal is DISMISSED.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of Galer's complaint for failure to state a claim. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Galer therefore has two "strikes" under 28 U.S.C. § 1915(g). Galer is warned that if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED. 5TH CIR. R. 42.2.