IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50925
Conference Calendar
_____

OTIS BELSER,

Plaintiff-Appellant,

versus

GARY L. JOHNSON,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-409
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Otis Belser (TDCJ # 286377) appeals the dismissal of his pro se civil rights complaint wherein he asserted that his calendar time and good-time credits unconstitutionally were forfeited after he was reincarcerated on a parole violation. The district court dismissed the complaint for failure to state a claim in accordance with Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

To recover monetary damages for an allegedly unconstitutional imprisonment, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck, 512 U.S. at 486-87. A § 1983 plaintiff also must prove that a sentence imposed as a result of a revocation proceeding has been invalidated by a state or federal court. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); see also Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Because Belser has not shown that the sentence imposed upon the revocation of his parole was invalidated by any court, the district court did not err by dismissing Belser's complaint for failure to state a claim. See Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

AFFIRMED.