IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11339
Summary Calendar

_____

GEORGE A. CLEVELAND,

Plaintiff-Appellant,

versus

GILDA HARVEY; VICTOR RODRIQUEZ,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-485-Y
--------------------
February 15, 2002
Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

George A. Cleveland, Texas prisoner #422864, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B).

On appeal, Cleveland challenges the dismissal of his claims relating to his parole revocation proceeding. As Cleveland has not alleged that his revocation has been overturned, he cannot raise a 42 U.S.C. § 1983 challenge to the revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cleveland contends that he has been denied parole based upon false information in his record, resulting in cruel and unusual punishment.  Texas law does not create an expectation of release on parole, and Cleveland does not have a constitutional right to release.  See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995); Johnson v. Rodriquez, 110 F.3d 299, 308-09 (5th Cir. 1997).

Cleveland alleges that he was denied parole in retaliation for his writ-writing activities.  He has failed to "allege a chronology of events from which retaliation may plausibly be inferred."  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  His conclusional allegations of retaliation are insufficient to support relief.  Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Cleveland asserts conclusionally that he was denied parole because of discriminatory motive.  He has failed, however, to brief this argument, as even a *pro se* prisoner is required to do.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  Issues that are not briefed on appeal are deemed abandoned.  Brinkmann v. Dallas Co. Deputy Sheriff Abner, 813 F.3d 744, 748 (5th Cir. 1987).

Cleveland also contends for the first time on appeal that he was improperly denied good-time credits upon the revocation of his parole.  An issue raised for the first time on appeal is not reviewable unless it involves a purely legal issue.  Diaz v. Collins, 114 F.3d 69, 71 n.5 (5th Cir. 1997).

Cleveland has failed to show that the district court erred in dismissing his civil rights lawsuit.  See Black v. Warren, 134

F.3d 732, 733-34 (5th Cir. 1998).  Consequently, the judgment of the district court is AFFIRMED.