IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11396
Summary Calendar
_____

BUDDY LEE CRINER,

Plaintiff-Appellant,

versus

ARLENE GARCIA, Supervisor, Board of Pardon and Parole; BOARD OF
PARDON & PAROLE; GARY JOHNSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-198-R
--------------------
May 16, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Buddy Lee Criner appeals the dismissal as frivolous of his

in forma pauperis (IFP) 42 U.S.C. § 1983 action against the Texas

Board of Pardons and Paroles (Parole Board), parole officer

Arlene Garcia, and Gary Johnson, director of the Texas Department

of Criminal Justice.  Criner argues that he was arrested and

detained on hearsay evidence until his parole revocation hearing,

that the Parole Board hearing subjected him to double jeopardy,

_____

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and witness subpoenas for the hearing were improperly served. This court reviews for an abuse of discretion the district court's determination that an IFP complaint is frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Criner's claims against the Parole Board are barred by the Eleventh Amendment. See Littles v. Board of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Criner's claims against Garcia and Johnson are barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994), because he has failed to demonstrate that the outcome of his parole hearing determining that he violated two rules of release has been reversed, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). Because a judgment in favor of Criner on any of his claims would necessarily imply the invalidity of the parole proceedings, his action is not cognizable under 28 U.S.C. § 1983. The district court's dismissal of Criner's suit is

AFFIRMED.