**Kendall M. MERCHANT,
Plaintiff–Appellant,**

v.

**Paul PATTON, Governor, Commonwealth of Kentucky; A.B. Chandler, III, Attorney General, Commonwealth of Kentucky; Vertner L. Taylor, Commissioner, Kentucky Department of Corrections; Kentucky Department of Corrections, Defendants–Appellees.**

No. 02–5259.

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2002.

Before: RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

*ORDER*

Kendall M. Merchant, a Kentucky state prisoner, appeals pro se a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Merchant alleged that, while on parole and attending a substance abuse program known as R.A.S.P. (Regional Area Substance Program), he was subjected to extortion by the individuals running the program. He was expected to provide them with free labor, equipment, and cash, or have his parole revoked. Allegedly, Merchant eventually refused to cooperate and therefore a false positive drug screen test was reported and his parole revoked. Merchant's complaint alleged that he attempted to have criminal charges filed against the program directors, but state authorities ignored his complaints. Merchant then filed this complaint, naming as defendants the governor and attorney general of Kentucky, and the commissioner and general counsel of the Kentucky Department of Corrections. He sought forty million dollars in damages and his immediate release. Merchant alleged that defendants had failed to investigate his complaints and therefore denied him equal protection of the law, based on his status as a felon. Attached to his complaint was a criminal complaint he had allegedly attempted to file in state court.

The district court dismissed the complaint sua sponte, without prejudice, for failure to state a claim, and this appeal followed. Merchant's brief is construed as reasserting the claims raised in his complaint.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as Merchant could prove no facts which would entitle him to the relief requested. *Jones v. City of Carlisle, Ky.,* 3 F.3d 945, 947 (6th Cir.1993).

To the extent that Merchant sought his immediate release from imprisonment, the complaint was properly dismissed without prejudice because Merchant's sole remedy is to file a petition for a writ of habeas corpus, after exhausting state court remedies. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Merchant's request for monetary damages

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

under § 1983 is not cognizable, as a verdict in his favor would imply that his continuing confinement is invalid, and that confinement has not been held to be invalid by some other process. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Littles v. Board of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th Cir.1995). Moreover, the district court properly noted that the only federal constitutional claim Merchant asserted was a denial of equal protection, but Merchant did not allege discrimination based on membership in a protected class, and therefore failed to state a claim. *LRL Props. v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1111 (6th Cir.1995). Finally, to the extent Merchant is still seeking to file a criminal complaint, he lacks authority to initiate criminal prosecutions. *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989).

For all of the above reasons, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.