IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20671
Conference Calendar
_____

GARY DON ROBINSON,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - BOARD
OF PARDONS & PAROLE; WAYNE SCOTT; WAYNE BOEHM;
STEVE WALLER; TIM McDONNELL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1444
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Gary Don Robinson, Texas prisoner #661497, appeals from the

dismissal of his civil rights action as frivolous.  Robinson

contends, in relevant part, that his action was not barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994).  Robinson also contends

that the district court erred by dismissing his action without

service of process, without compelling the defendants to respond,

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and without holding a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

All of Robinson's substantive claims implicate the validity of his mandatory supervision revocation. In order to prevail he must show that the revocation decision has been "reversed, expunged, set aside, or called into question[.]" *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Robinson has not made such a showing; his substantive claims therefore are barred and we need not address them. *See id.*

Title 28 U.S.C. § 1915A, under which Robinson's action was dismissed, requires district courts to dismiss a lawsuit upon determining that a complaint is frivolous. The statute does not require service of defendants before dismissal. See 28 U.S.C. § 1915A(a), (b)(1). Moreover, Robinson's claims were developed sufficiently for determination by the district court. The district court need not have held a hearing or used a questionnaire. *See Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir. 1994).

Finally, the district court's dismissal of Robinson's action and our dismissal of his appeal as frivolous each counts as a "strike" against Robinson for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Robinson is warned that he has two "strikes" and that when he accumulates three strikes he will be unable to proceed in forma pauperis (IFP) in any civil action or appeal unless he is under

imminent danger of serious physical injury.  *See* 28 U.S.C.

§ 1915(g).

     APPEAL DISMISSED.  5TH CIR. R. 42.2.  28 U.S.C. § 1915(g)

SANCTIONS WARNING ISSUED.