**Douglas ELROD, Plaintiff–Appellant,**

v.

**Michael HAWRY, Deputy; Allan L. Steinaway, Detective; Livingston County Sheriff's Department, Defendants–Appellees.**

No. 02–1574.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

* The Honorable Thomas B. Russell, United States District Judge for the Western District

## ORDER

Douglas Elrod, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Named as defendants are: deputy sheriff Michael Hawry and detective Allan L. Steinaway of Livingston County, Michigan; Sarah Lucinda Elrod, Elrod's wife or ex-wife; and Bruce Ford, a therapist employed by the YWCA of Flint, Michigan. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The complaint and exhibits allege that in 1997, defendant Hawry charged Elrod with aggravated assault. Defendant Steinaway subsequently changed the charge to first-degree criminal sexual conduct. The charges arose from an incident on September 27, 1997, when Elrod allegedly punched defendant Sarah Elrod in the eye and attempted to rape her. Elrod claims that the charges were false and that Sarah conspired with officials to win custody of the couple's children, to gain control of certain assets, and to imprison him. However, on May 6, 1998, defendant Ford stated in a letter to the Michigan Department of Corrections that Elrod admitted during a therapy session that he had penetrated his wife against her will.

Elrod alleges that the defendants conspired to make false representations about him. He claims that the false representations led to his arrest on felony charges, as well as a criminal prosecution and lost wages. He sues the defendants in their individual and official capacities for monetary and equitable relief. The district court dismissed the complaint as frivolous and

of Kentucky, sitting by designation.

for failure to state a claim upon which relief may be granted. The dismissal was pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This appeal followed.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *See Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

Upon review, we conclude that the district court properly dismissed Elrod's complaint for the reasons stated by that court. First, Elrod's complaint is time-barred. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Three years is the relevant statute of limitations under Michigan law. *See* Mich. Comp. Laws Ann. § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir.1986). The face of the complaint plainly indicates that the events in question transpired in 1997, which is more than three years before the complaint was filed, thus barring Elrod's action from federal court. Second, to the extent that Elrod challenges the fact or duration of his confinement, the complaint was properly dismissed because Elrod's sole remedy is to file a petition for a writ

of habeas corpus, after exhausting state court remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Third, Elrod's request for monetary damages under § 1983 is not cognizable, as a verdict in his favor would imply that his continuing confinement is invalid, and that confinement has not been held to be invalid by some other process. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Littles v. Bd. of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995). Finally, Elrod's allegations of conspiracy under § 1985(3) are meritless because Elrod has not alleged that the defendants were motivated by a racial or ethnic animus. *See Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir.1998). Elrod's claim under § 1986 for aiding and abetting violations of § 1985 is also meritless because his claims under § 1985(3) lack merit. *See Browder v. Tipton,* 630 F.2d 1149, 1155 (6th Cir.1980).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.