United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20898
Conference Calendar

KENNETH WAYNE GLOVER,

Plaintiff-Appellant,

versus

TEXAS BOARD OF PARDONS & PAROLES; TEXAS BOARD OF CRIMINAL
JUSTICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-384
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenneth Glover, TDCJ-ID # 1198161, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous.

He challenges the district court's certification that in forma

pauperis (IFP) status should not be granted on appeal because the

appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d

197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Glover's claims involve various policies and procedures of the Texas Board of Pardons and Paroles that have resulted in his repeated reincarcerations. A favorable ruling on Glover's claims would call into question the validity of his parole revocations. The district court's determination that Glover may not obtain relief under 42 U.S.C. § 1983 until his parole revocation is reversed or otherwise called into question was not erroneous. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Glover has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. We also DENY Glover's motions for *en banc* hearing and for an evidentiary hearing. Glover's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, his appeal is DISMISSED. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Glover's complaint as frivolous each count as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Because Glover's prior 42 U.S.C. § 1983 complaint also was dismissed as frivolous by the district court, that dismissal also counts as a strike. See id.;

<u>Glover v. Texas Board of Pardons and Paroles</u>, No. H-01-51 (S.D. Tex. Jul. 25, 2001). Because he has accumulated three strikes, Glover may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.