United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20872
Conference Calendar
_____

ROBERT B. MILES,

Plaintiff-Appellant,

versus

V. EVERETTE, Parole Officer; J. ONYEJEKWE, Parole Officer;
P. CAVIEL, Unit Supervisor; S. JENKINS, Regional Director;
L. TIERLING, Assistant Region Director; D. HOUGE, Parole
Officer; SHELVIN WILBERT, Parole Officer; M. NOWOSKI, Unit
Supervisor; BOARD OF PARDONS AND PAROLES, Huntsville Panel;
BOARD OF PARDONS AND PAROLES, Angleton Panel,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-2843
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Robert B. Miles, Texas prisoner # 536884, proceeding <u>pro se</u>

and <u>in</u> <u>forma</u> <u>pauperis</u> (IFP), appeals the dismissal pursuant to 28

U.S.C. § 1915A(b)(1) of his civil rights complaint filed pursuant

to 42 U.S.C. § 1983 as frivolous and for failing to state a claim

upon which relief may be granted.  Miles argues that the Texas

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Board of Pardons & Paroles (Parole Board) has used false information in his juvenile record to impose upon him parole conditions applicable to a sex offender in violation of his constitutional right to equal protection and the Eighth Amendment prohibition against cruel and unusual punishment and also in abuse of its discretion.  He seeks monetary damages and injunctive relief.  Miles also has filed in this court a motion for temporary injunction and a motion to file a supplemental brief to amend his claim for relief.

28 U.S.C. § 1915A instructs the district court to review prisoner complaints, before docketing if feasible, or in any event, as soon as practicable, and to dismiss them if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).

Miles's claims against the Parole Board are barred by the Eleventh Amendment.  See McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995).  His claims against the parole officers, supervisors and officials of the Parole Board are barred under the doctrine of absolute immunity.  See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).  Consequently, the district court's dismissal of Miles's complaint is AFFIRMED.

Miles's motion for temporary injunction and his motion to amend his claim for relief are DENIED as moot.

The district court's dismissal of Miles's lawsuit as frivolous constitutes one strike for purposes of the 28 U.S.C. § 1915(g) bar. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Miles that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED; MOTIONS DENIED.