United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41702
Summary Calendar

_____

JEFFERY WARREN SANDERS,

Plaintiff-Appellant,

versus

D. CARNLEY; Lieutenant; NFN EVANS;
DONNA KLIGER, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CV-142
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jeffery Warren Sanders, Texas prisoner # 680206, appeals the

dismissal as frivolous of his _pro se, in forma pauperis_ complaint.

Sanders has not repeated on appeal his assertions that he was

denied Saturday mail and a newspaper subscription while in the

Galveston County Jail or that his habeas claims were not properly

raised in a 42 U.S.C. § 1983 action, and these issues are

abandoned.  <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

813 F.2d 744, 748 (5th Cir. 1987). His assertion that Donna Kliger tampered with and misplaced legal documents is a theory raised for the first time on appeal and is not reviewed by this court. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Sanders's assertions that Kliger opened his legal mail outside of his presence are insufficient to establish a claim of denial of access to the courts. Brewer v. Wilkinson, 3 F.3d 816, 826 (5th Cir. 1993). Likewise, Sanders has not alleged a denial of access to the courts as a result of the inadequacies in the Galveston County Jail law library because he did not allege that his position as a litigant was prejudiced. Lewis v. Casey, 518 U.S. 343, 350-53 (1996). The district court did not abuse its discretion in dismissing these claims as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Sanders also asserts that jail employees refused to correct jail classification records showing that Sanders had received time served for several bad-check charges, when in fact the charges had been dismissed. The district court did not abuse its discretion in dismissing his civil rights challenges to these actions as barred by Heck v. Humphrey, 512 U.S. 477 (1994). His allegations implicate the invalidity of his parole revocation, and Sanders has not demonstrated that his revocation has been invalidated. Heck, 512 U.S. at 487; Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). The judgment of the district

2

court is therefore AFFIRMED.

Sanders has moved for correction and modification of the record on appeal and for appointment of counsel.  These motions are DENIED.

AFFIRMED; MOTIONS DENIED.