United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20421
Conference Calendar

CHARLES LEMAN GERMAN,

                                    Plaintiff-Appellant,

versus

CARLOTTA BAKER; RICARDO PENA; JOHN DOE,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-3713
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Charles Leman German, Texas prisoner # 500319, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  He argues

that the district court erred in dismissing his complaint

pursuant to Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Because

German's claims challenged the validity of his parole revocation

and sentence, a favorable ruling on German's claims would call

into question the validity of the revocation of his parole and

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. Therefore, the district court did not err in dismissing German's complaint as barred by Heck. See Littles v. Bd. of Pardons and Paroles Div., 68 F.2d 122, 123 (5th Cir. 1995); McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

German argues that the district court abused its discretion in denying his FED. R. CIV. P. 59(e) motion. For the same reasons that the district court did not err in dismissing German's complaint pursuant to Heck, the district court did not abuse its discretion in denying German's Rule 59(e) motion. See Midland West Corp. v. FDIC, 911 F.2d 1141, 1145 (5th Cir. 1990).

German argues that the district court erred in denying his request to stay this action pending a decision in his federal habeas proceeding. Because German's claims are not yet cognizable, the district court did not err in dismissing his complaint rather than staying it pending a decision in his federal habeas proceeding. See Heck, 512 U.S. at 487.

German's appeal is without merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of German's appeal and the district court's dismissal of German's complaint both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). German is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.