# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-10802
Summary Calendar

EDWARD LEE MILLER, JR

Plaintiff-Appellant

V.

THE WAYBACK HOUSE; AL RICHARD; PERCY WILSON; ANGIE WHITE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1838

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edward Lee Miller, Texas prisoner #646559, filed a civil rights complaint against the halfway house where he resided while on parole, The Wayback House (WBH), and WBH personnel, Al Richard, Percy Wilson, and Angie White. Miller alleged that Richard, Wilson, and White acted with deliberate indifference to his medical needs when they failed to provide the mental health treatment that he requested for bipolar disorder and depression. When he took an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authorized leave from the WBH Miller failed to return to the facility. As a result, his Texas parole was revoked. Miller alleged that the revocation resulted from the lack of treatment. Miller additionally alleged that the staff refused to refer him to the Texas Department of Mental Health and Mental Retardation in violation of the Americans with Disabilities Act (ADA). Miller sought punitive and compensatory damages against WBH, Richard, and Wilson, as well as punitive damages against White. Finding that a judgment in Miller's favor would undermine the validity of the parole revocation, the district court dismissed Miller's complaint with prejudice to being reasserted until Miller met the requirements of Heck v. Humphrey, 114 S.Ct. 2364 (1994).

It is unclear whether the district court dismissed Miller's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) or § 1915(e)(2)(B)(ii). A dismissal as frivolous under section 1915(e)(2)(B)(i) is reviewed for abuse of discretion, while a dismissal for failure to state a claim upon which relief can be granted under section 1915(e)(2)(B)(ii) is reviewed under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). This court will review the dismissal under the more strict de novo standard. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005) (reviewing dismissal of complaint de novo where the district court referred to three different statutes with different standards of review when making the dismissal).

Miller failed to state a claim under the Eighth Amendment's prohibition against cruel and unusual punishment. Prison officials violate this prohibition when they demonstrate deliberate indifference to a prisoner's serious medical needs, which constitutes an unnecessary and wanton infliction of pain. Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). Miller alleged that, around November 2003, he told Richards, the Executive Director of WBH, that "his state of mind was challenging and had a problem of rational thinking." Although Miller suggested that Richards may not have believed Miller, Richards referred Miller to Wilson, Miller's counselor and case manager. Miller

then alleged that, some time in November, he asked Wilson for a referral to a state mental health agency, which Wilson allegedly denied. Miller admitted that he already had an appointment for a psychological examination for later in November 2003, however, and that Wilson knew of the appointment. These allegations show that WBH personnel, to the extent that Miller vaguely informed them of his alleged mental health needs, provided treatment for him, although perhaps not the treatment Miller would have liked. A prisoner's disagreement with prison officials regarding medical treatment does not give rise to a section 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). A disagreement does not constitute an Eight Amendment violation because it does not necessarily indicate that the prison officials have been deliberately indifferent to the prisoner's serious medical needs. Id.

The district court dismissed Miller's complaint because it found that a judgment for Miller would put into question the validity of Miller's parole revocation. Heck v. Humphrey requires that, when a favorable section 1983 judgment will call into question the validity of the fact or duration of confinement, including parole, the plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 114 S.Ct. 2364, 2372; see Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (applying Heck to proceedings calling into question the fact or duration of parole). It is not entirely clear whether Miller's parole revocation would be invalidated if he were successful in pursuing his claims. In any event, this is inconsequential because, as previously discussed, Miller's complaint should be dismissed for failure to state a claim under the Eight Amendment.

Furthermore, although Miller asserts "mistreatment under American with Disability Act[,] 42 U.S.C. § 12132," he has failed to brief the issue and has, therefore, abandoned it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Miller additionally argues that the magistrate judge (MJ) who reviewed the instant matter engaged in judicial misconduct because the MJ also presided over Miller's federal habeas action, giving him "personal knowledge of disputed evidentiary

facts, dates and occur[re]nces." This argument is without merit because Miller has failed to show that the MJ had any personal extrajudicial bias or knowledge that harmed Miller's case. See United States v. MMR Corp., 954 F.2d 1040, 1045-46 (5th Cir. 1992).

For the foregoing reasons, we affirm the district court's order dismissing Miller's complaint.

AFFIRMED