# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2010

No. 09-20744
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT B. MILES,

Plaintiff-Appellant,

v.

TEXAS BOARD OF PARDONS & PAROLES; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE PAROLE DIVISION,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3193

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert B. Miles, Texas prisoner # 536884, filed a civil rights complaint against the Texas Board of Pardons and Parole (Board) and the Texas Department of Criminal Justice Parole Division (TDCJ), alleging that his parole was wrongfully revoked due to his refusal to comply with special conditions of parole imposed on sex offenders. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915A, concluding that the Board and the TDCJ have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immunity from suit under the Eleventh Amendment and that Miles's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We review the dismissal of the complaint de novo. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Both the Board and the TDCJ are immune from suit under the Eleventh Amendment. *See Littles v. Board of Pardon and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (recognizing that the Eleventh Amendment bars suits in federal court by a citizen against agencies or departments of his state). Moreover, a challenge to a parole decision must satisfy the requirements of *Heck* to state a claim for relief. *McGrew v. Tex. Bd. Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Under *Heck*, a plaintiff seeking damages for an allegedly unconstitutional imprisonment "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Miles does not allege that the decision to revoke his probation has been reversed, expunged, set aside, or called into question as *Heck* requires.

Miles has not established that the district court erred in dismissing his § 1983 lawsuit. *See* § 1915A(b)(1),(2) ; *Ruiz*, 160 F.3d at 275. The judgment of the district court is thus affirmed.

AFFIRMED.