# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2013

No. 13-20151
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM DALE CARTER,

Plaintiff-Appellant

v.

STUART JENKINS, Texas State Parole Division Director; MICHAEL LARSEN, Conroe Texas Parole Agent; PAULA HARDILEK, Conroe Parole Agent; CYNTHIA TAKACS, Conroe Parole Agent; MS. BURKS, Supervisor over Conroe Agents; KEITH WARREN, Conroe and Huntsville Supervisor; IVY ANDERSON YORK, Regional Director; TERRY MCKINNEY, Parole Division Preliminary Hearing Officer; SYLVIA ANN MOKARZEL, Texas Interstate Compact Program Supervisor; PATRICIA BIZAILLION CARTER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3447

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Dale Carter, Illinois state prisoner # K97856, filed a 42 U.S.C. § 1983 complaint against several employees of the Texas Board of Pardons and Parole and his ex-wife, Patricia Bizaillion Carter. Although Carter's conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occurred in Illinois, his parole was transferred to Texas via the Texas Interstate Compact Program.  In his complaint, Carter alleged that his parole was wrongfully revoked due to noncompliance with special conditions of parole imposed on sex offenders.  He also asserted that, because he was never convicted of a sex offense, the sex offender restrictions were illegal and imposed in violation of his due process rights.  The district court dismissed Carter's complaint pursuant to 28 U.S.C. § 1915A as frivolous, on the basis that Carter's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  This court reviews the district court's dismissal de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).  Because Carter's ex-wife is not a state actor, she has no liability under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Thus, the district court did not err in dismissing Carter's § 1983 complaint against Patricia Bizaillion Carter as frivolous.  *See* § 1915A(b)(1); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

To the extent that Carter challenges the validity of his parole revocation, the district court's decision determining that such a claim is barred by *Heck* was not erroneous.  *See Littles v. Board of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995).  Moreover, the Texas Board of Pardons and Parole is cloaked with Eleventh Amendment immunity from liability for parole decisions.  *See id.* However, accepting Carter's assertions that he was denied a hearing prior to the imposition of the sex offender restrictions as conditions of his parole, then he has stated a nonfrivolous claim under § 1983 seeking injunctive relief.  *See Meza v. Livingston*, 607 F.3d 392, 401, 412 (5th Cir. 2010).  Accordingly, the judgment of the district court is vacated and remanded for further proceedings.  In light of this decision, Carter's challenge to the dismissal of his complaint with

prejudice is denied as moot.  Carter also contends that the district court made a false statement in the first sentence of its memorandum and opinion when it stated that Carter was a former inmate of the Texas Department of Criminal Justice.  This argument is also moot because the district court granted Carter's motion to correct the statement.  Carter's motions for appointment of counsel and to expedite the appeal are denied.  *See Cooper v. Sheriff, Lubbock County Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); 5TH CIR. RULE 34.5.

  AFFIRMED  IN  PART;  VACATED  AND  REMANDED  IN  PART; MOTIONS DENIED.