# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 14-10149

———

RONNIE KENNETH ROSS,

Plaintiff-Appellant

v.

TEXAS BOARD OF PARDON AND PAROLE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-3649

———

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ronnie Kenneth Ross, whose prisoner numbers in the Texas Department of Criminal Justice have included # 1861575, # 711154, and # 955267, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. The district court determined that the defendants, the Texas Board of Pardons and Paroles (TBPP) and the Texas Department of Criminal Justice (TDCJ), were immune under the Eleventh

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10149

Amendment from Ross's claims that he was entitled to monetary compensation because he was unlawfully incarcerated before receiving a parole revocation hearing and was required to work during that incarceration.

The district court denied him leave to proceed IFP on appeal and certified that this appeal was not taken in good faith. By moving to proceed IFP here, Ross is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Ross's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Ross reiterates his claims that his constitutional rights were violated based on his unlawful incarceration and the work he was required to perform during that time. Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). The TBPP and TDCJ are immune under the Eleventh Amendment from Ross's suit. *See Talib v. Gulley*, 138 F.3d 211, 213 (5th Cir. 1998); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

Ross has not demonstrated a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219-20. The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Ross filed a prior civil suit that was dismissed as frivolous, a decision which he did not appeal. *Ross v. Dallas Cnty Sheriff*, No. 3:99-CV-1860 (N.D. Tex. Sept. 27, 1999). That prior dismissal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Based on the district court's dismissal of his instant complaint and our dismissal of this

No. 14-10149

appeal as frivolous, Ross has accumulated two additional strikes, for a total of at least three strikes under § 1915(g). *See id.* at 388. Thus, Ross may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Additionally, we warn Ross that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Ross is further warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.