# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2018

Lyle W. Cayce
Clerk

No. 17-20707

CLINTON LARU ARDS,

Plaintiff-Appellant

v.

GOVERNOR GREG ABBOTT; PAMELA THIELKE, Division Director; KIMBERLI CAMPBELL; PATRICK EMBARRO; L. MCCLAIN, Parole Officer; LEONARDO PEDRAZA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3287

Before SOUTHWICK, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Clinton Laru Ards, Harris County inmate # 01088273, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint against the Texas Governor and various employees of the Texas Board of Pardons and Paroles, alleging that despite the completion of his parole term, he was being refused release from parole because of a pending

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal charge and was denied release on bond in the pending criminal case because of the parole hold.  The district court dismissed the action sua sponte under 28 U.S.C. § 1915A(b) for failure to state a claim, determining that Ards's allegations were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122 (5th Cir. 1995).  The court also ruled that Ards's appeal was not taken in good faith.

By moving to proceed IFP, Ards is challenging the district court's good-faith certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24.

In his pleadings before this court, Ards repeats his assertions that he is being denied release from parole and a release on bond in his pending criminal proceedings, despite the purported termination of his parole term.  In addition, he contends that he has been deprived of a parole revocation hearing.  He does not challenge the district court's imposition of the *Heck* bar.  Consequently, he has waived that argument.  *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).  Because Ards, by failing to brief the issue, does not rebut the finding that his appeal lacks arguable merit, we conclude that it is frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220.  In light of this ruling, Ards's motion for appointment of counsel is denied.

The district court's dismissal of Ards's complaint for failure to state a claim upon which relief may be granted and this court's dismissal of the appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  In addition, Ards has

No. 17-20707

accumulated two strikes in another proceeding. *See Ards v. Martin*, 719 F. App'x 402, 403 (5th Cir. 2018). Ards is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.