# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2010

No. 10-20449
Summary Calendar

Lyle W. Cayce
Clerk

STEPHEN WAYNE NORWOOD,

Plaintiff-Appellant

v.

NFN O'HARE, Warden; NFN WATSON, Major; NFN LANGLEY, Major; NFN
BAGGETT, Captain; NFN GRISSOM, Sergeant; NFN KING,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2197

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Stephen Wayne Norwood, Texas prisoner # 601001, appeals the dismissal
of his 42 U.S.C. § 1983 action as frivolous. Norwood contends that he is being
held in involuntary servitude. He argues that his state parole revocation
proceedings violated his due process rights, rendering his incarceration in state
prison illegal. According to Norwood, this illegal incarceration amounts to
involuntary servitude in violation of the 13th Amendment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A district court must sua sponte dismiss a prisoner's IFP complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

The district court found no 13th Amendment violation; we dispose of Norwood's appeal on another ground. *See Sojourner T. v. Edwards,* 974 F.2d 27, 30 (5th Cir. 1992). Norwood seeks relief based on the alleged unconstitutionality of his parole revocation; a grant of relief would necessarily undermine the validity of Norwood's revocation proceeding. Pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), he has no cause of action for damages until he can demonstrate that the parole revocation decision "has been reversed, expunged, set aside, or called into question." *Littles v. Bd. of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995). Norwood has not done so.

Norwood further argues that the district court erred by failing to allow him to amend his complaint before dismissing it was frivolous. Norwood could not have overcome the *Heck* bar with an amended complaint; the district court need not have allowed him an opportunity to amend. *Cf. Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir. 1994) (stating that district court generally errs when it dismisses a complaint as frivolous without giving the plaintiff an opportunity to amend the complaint when it appears that a more specific pleading might remedy the insufficient factual allegations).

Norwood's appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. The district court's dismissal of Norwood's action as frivolous counts as a strike under 28 U.S.C. § 1915(g), and this court's dismissal of his appeal counts as a second strike. *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). A different district court previously dismissed another of Norwood's § 1983 actions challenging his revocation as frivolous because he had failed to show that his revocation had been reversed, expunged, set aside, or called into question.

No. 10-20449

*Norwood v. Texas Bd. of Pardons and Paroles,* No. 7:07-CV-017-R (N.D. Tex. Aug. 7, 2007).  He therefore has accumulated three strikes and may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED.  28 U.S.C. § 1915(g) BAR IMPOSED.