**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30198
Conference Calendar
_____

LEROY BANKS, III,

                                    Plaintiff-Appellant,

versus

TOYS "R" US - DELAWARE, INC., JAMES BUTLER, Manager; WILLIAM
BRYANT; LISA FERRIE, Adjuster; NEW ORLEANS POLICE DEPARTMENT;
UNIDENTIFIED PARTY; QUINDELL BALDWIN, Officer,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-1427-K
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Leroy Banks, III, filed a complaint pursuant to 42 U.S.C.
§ 1983 claiming violations of his constitutional rights, as well
as violations of state law, related to his arrest in a Toys "R"
Us store in New Orleans.  The magistrate judge issued a judgment
for the defendants following a bench trial, and Banks appeals.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Banks argues that the magistrate judge erred in dismissing his constitutional claims against the private party defendants. He contends that these defendants should be held liable under 42 U.S.C. § 1983 because they conspired with Officer Baldwin to violate his constitutional rights.

A private party may be held liable under § 1983 if he or she is a willful participant in a joint activity with the state or its agents. Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). Because Banks has failed to point to any evidence of record that would undermine the magistrate judge's determination that the private party defendants were not willful participants in a joint activity with Officer Baldwin, he has failed to show error. See id.; Canal Barge Co., Inc. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000).

Banks contends that he has been denied "procedural due process of the law and equal immunities of the law." However, Banks fails to specify what acts or omissions of the district court or magistrate judge violated his constitutional rights. He has therefore failed to brief the issue adequately. See Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995).

Banks takes issue with the magistrate judge's grant of qualified immunity to Officer Baldwin. He also contends that the magistrate judge erred in denying his motion for a default judgment against William Bryant.

An appellant's brief must contain an argument with his "contentions and reasons for them with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9); see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). General arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because Banks fails to identify any factual or legal error in the magistrate judge's grant of qualified immunity to Officer Baldwin, or in the magistrate judge's denial of his motion for a default judgment as to Bryant, he has failed to brief these issues for appeal adequately. See Rule 28(a)(9); Brinkmann, 813 F.2d at 748. Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Rule 28. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.