United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2006**

Charles R. Fulbruge III
Clerk

REVISED MAY 5, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30458
Summary Calendar
_____

RICHARD FISHER,

                              Plaintiff-Appellant,

versus

CARL CASTERLINE; ET AL,

                              Defendants

A. COHEN; S. LEMOINE; MR. BRADSHAW; MR. SAPP;
MR. PACE; MR. ILSE,

                              Defendants-Appellees

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-2231
--------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Richard Fisher, federal prisoner # 09363-007, appeals the

summary judgment dismissal of his <u>Bivens</u>[**] suit and moves for

appointment of counsel, oral argument, and production of the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     [**] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

videotape of the alleged constitutional violation.  He argues that the district court improperly resolved disputed, material factual issues against him in rejecting his excessive force claim and that the summary judgment ruling was premature because discovery was not yet complete.

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  E.g., Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992) (quoting FED. R. CIV. P. 56(c)).  We hold that the facts material to the determination whether the complained-of use of force was applied in a good-faith effort to maintain or restore discipline were not in dispute and supported the district court's finding as a matter of law that the force at issue was not constitutionally excessive. See Baldwin v. Stalder, 137 F.3d 836, 838 (5th Cir. 1998).

We further hold that the district court's summary judgment ruling was not premature.  Fisher did not move for a continuance to obtain discovery under FED. R. CIV. P. 56(f), and therefore has waived any objection on appeal.  Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 719 (5th Cir. 1999).  His motion to supplement the appellate record with the videotape is denied. See Kemlon Prods. & Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir. 1981).

Fisher has not assigned error to the district court's dismissal of his suit as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and he has therefore waived its review. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's dismissal counts as a strike for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Fisher is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; MOTIONS FOR APPOINTMENT OF COUNSEL, ORAL ARGUMENT, AND PRODUCTION OF VIDEOTAPE DENIED; SANCTION WARNING ISSUED.