United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21051
Conference Calendar

_____

SIMON TERRY JEFFERY,

                                      Plaintiff-Appellant,

versus

RISSIE OWENS, Chairman, Texas Board of Pardons and Paroles;
ELVIS HIGHTOWER, Board Member, Texas Board of Pardons and
Paroles; GERALD GARRETT, Parole Commissioner, Texas Board of
Pardons and Paroles; JAMES PAUL KIEL, Parole Commissioner,
Texas Board of Pardons and Paroles,

                                      Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3527
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

     Simon Terry Jeffery, Texas prisoner # 283045, filed an in

forma pauperis (IFP) 42 U.S.C. § 1983 complaint against various

members of the Texas Board of Pardons and Parole seeking monetary

damages and injunctive relief because he was denied parole based

on arrests that had been expunged from his record.  The district

court dismissed the complaint for failure to state a claim upon

which relief may be granted because Jeffery's claims were barred

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by Heck v. Humphrey, 512 U.S. 477 (1994). This court reviews such a dismissal de novo. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

A state prisoner may not maintain a § 1983 action if a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence already had been invalidated. Heck, 512 U.S. at 487; Edwards v. Balisok, 520 U.S. 641, 648 (1997). The rule in Heck applies to proceedings that call into question the fact or duration of parole. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (applying Heck to parole revocation).

Jeffery's argument that his claim if successful would not necessarily imply the invalidity of his parole proceedings is based on Wilkinson v. Dotson, 544 U.S. 74, 78-83 (2005). In Wilkinson, the Supreme Court held that the claims of two state prisoners challenging the validity of state procedures for determining parole eligibility were properly brought under § 1983 because "neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus.'" Wilkinson, 544 U.S. at 82.

Unlike the prisoners in Wilkinson, Jeffery is not making a general challenge to parole procedures, he alleged a specific error in his case - that the Board wrongly considered arrests which had been expunged to deny him parole. Jeffery sought a

declaratory judgment stating that the consideration of those arrests was error and that the error was the sole reason for the denial of parole. Additionally, Jeffery sought compensatory and punitive damages for the alleged actions that caused him to be denied parole. Granting this relief necessarily implies that Jeffery was denied parole in error. The district court did not err in determining that Jeffery may not obtain relief under § 1983 until the decision to deny him parole is reversed or otherwise called into question. See Heck, 512 U.S. at 486-87; Littles, 68 F.3d at 123.

Jeffery's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

The district court's dismissal of Jeffery's § 1983 complaint for failure to state a claim and this court's dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Jeffery has a prior strike. Jeffery v. Canales, No. H-04-3798 (S.D. Tex. Oct. 8, 2004) (unpublished). Because Jeffery has accumulated at least three strikes under § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.