# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-10241
Summary Calendar

BENNIE RAY JOHNSON, also known as Bennie Johnson

Plaintiff-Appellant

v.

NFN CHENEY, Sergeant; NFN STANLEY, Officer; JAMIE BURKHOLDER, also known as Unknown Male Officer; KIMBERLY HARLOW, also known as Unknown Female Officer

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CV-4

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bennie Ray Johnson, Texas prisoner # 819383, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). In his complaint, he alleged that he was strip searched in the presence of female prison employees in violation of his right to privacy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's dismissal for failure to exhaust is reviewed de novo. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). Exhaustion is mandatory, and since § 1997e was amended, this court has "taken a strict approach to the exhaustion requirement." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Affording Johnson's argument the requisite liberal construction, the district court did not err in finding that Johnson failed to exhaust administrative remedies. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although "available administrative remedies" may be deemed exhausted when "the time limits for the prison's response set forth in the prison Grievance Procedures have expired" or when prison officials ignore or interfere with a prisoner's pursuit of grievance relief, because Johnson never filed a Step 2 grievance complaining of the strip search, he never "pursue[d] the grievance remedy to conclusion" as he is required to do. *See Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998), *overruled by implication on other grounds by Jones*, 549 U.S. at 199; *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)*; Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998), *overruled by implication on other grounds by Jones*, 549 U.S. at 199. Johnson's failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies. *See Wright*, 260 F.3d at 358.

Johnson argues for the first time on appeal that his case should be reinstated because following the dismissal of his complaint, he filed another Step 1 grievance "in order to comply with the district court's order to exhaust." This court does not consider factual allegations and new legal theories raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *see also Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). The judgment of the district court is affirmed.

AFFIRMED.