# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10094

———————

Leo P. Collins,

*Plaintiff—Appellant*,

*versus*

Dallas Leadership Foundation; James Reed, *C.E.O. and Director*; Salvatore Alfredo, *Chaplain*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-2568

———————————————————

Before Clement, Elrod, and Willett, *Circuit Judges*.

Edith Brown Clement, *Circuit Judge*:

Leo Collins is a former Texas state prisoner proceeding *pro se* and *in forma pauperis*. Collins alleges in his 42 U.S.C. § 1983 action that James Reed, the director of his former state prison's faith-based dorm program, conspired with Salvatore Alfredo, a prison chaplain, to retaliate against him for filing a complaint under the Prison Rape Elimination Act (PREA), 34 U.S.C. §§ 30301–09. He challenges the district court's order dismissing his civil-rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We AFFIRM the dismissal of Collins' complaint.

No. 22-10094

I

As alleged in his briefing and complaint, Collins was a member of the faith-based dorm program. While he was enrolled, fellow inmates played homosexual "come-on" games. Finding the conduct inappropriate, and perhaps dangerous, Collins reported the behavior to his prison's PREA coordinator. In late February 2021, Collins completed the program and moved into his prison's general population facilities.

Fortunately for Collins, he was also up for a parole review around this time. He believed his chances were good. After all, he had successfully completed the faith-based dorm program, and his parole officer told him the parole board "should be sending [him] on up the road!" Collins spoke with Salvatore Alfredo, a prison chaplain, about ensuring his time in the dorm program reflected as "C" for "Complete" in his parole materials. Alfredo assured Collins that he was good to go, but that wasn't the case. In fact, when the parole board met, they saw an "E" for "Enrolled" in Collins' paperwork regarding the faith-based dorm program instead of the "C" for "Complete," which would have accurately reflected the progress he had made. In the end, the board denied parole at that time. [1]

Collins confronted Reed and Alfredo about his inaccurate parole materials and asked the PREA coordinator for advice. Collins then decided to initiate a grievance through the prison's internal grievance procedure, which took about six months to complete. Subsequently, Collins filed this lawsuit.

---

[1] Collins eventually received parole. But he is not a free man. Currently, he is federally incarcerated at Forrest City Medium FCI in Arkansas. *See* Find an inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (search for BOP Register Number 15509-078) (last visited July 20, 2023).

No. 22-10094

At the district court, the magistrate judge screened Collins' IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(i). He determined that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Collins' claims as frivolous. The magistrate judge then supplemented his recommendation after Collins filed a nearly identical amended complaint, again coming to the same conclusion. The district court adopted the recommendation and supplement and issued a judgment dismissing Collins' complaint.

## II

The district court must dismiss a plaintiff's IFP civil-rights complaint if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). We review the district court's order dismissing a complaint as frivolous for an abuse of discretion. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). And "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Id.* We also construe Collins' filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III

Collins' complaint asserts two causes of action: *First*, a due process violation regarding his allegedly flawed parole hearing; and *Second*, a retaliation claim based on his report to the PREA coordinator.[2] Both theories

---

[2] In his brief, Collins raises a myriad of further constitutional claims for the first time. But even a *pro se* appellant cannot raise new theories for relief for the first time on appeal. *See Johnson v. Cheney*, 313 F. App'x 732, 733 (5th Cir. 2009) (per curiam) ("This court does not consider . . . new legal theories raised for the first time on appeal." (citing *Leverette v. Louisville Ladder Co.*, 183 F.3d, 342 (5th Cir. 1999))).

are premised on the same actions by Reed and Alfredo. The *Heck* rule bars both theories.[3]

In *Heck*, the Supreme Court determined that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court clarified what it meant by a "sentence" in *Wilkinson v. Dotson*, informing us that "[i]n context, *Heck* uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement," such as parole decisions. 544 U.S. 74, 83 (2005). So, if a court's judgment would imply the invalidity of a parole determination, "the complaint must be dismissed unless the plaintiff can demonstrate that the [parole decision] has already been invalidated" by being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. The *Heck* rule applies whether a plaintiff is currently incarcerated or not. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam).

Collins relies on *Dotson* for the proposition that *Heck* does not bar his claim. There, the Supreme Court explained that claims of alleged due process violations during parole proceedings were *not* barred under the rule laid out

---

[3] Regarding Collins' due process claim, even if *Heck* did not apply, the magistrate judge was correct to dismiss that cause of action under 28 U.S.C. § 1915(e)(2)(B)(ii) because it "fail[ed] to state a claim on which relief may be granted." Under our precedent, "because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citations omitted). Consequently, because Collins bases his due process cause of action on the unfairness of his parole hearing, it fails to state a claim on which we can grant relief.

in *Heck* because an attack on the constitutionality of the parole proceeding's procedures would not "necessarily have meant immediate release or a shorter period of incarceration; the prisoners attacked only the wrong procedures, not the wrong result." *Dotson*, 544 U.S. at 78–80 (alteration adopted) (quotation marks and citation omitted).

But Collins is not really challenging his parole *procedures* at all. Instead, he argues that the parole board's *determination* was erroneous because it considered his inaccurate parole documents—an error Reed and Alfredo allegedly inserted into his parole review. In Collins' own words, Reed and Alfredo's actions "prevented [him] from a favorable review decision that could have expedited his parole release," and he seeks $1,000 a day "since his parole was denied." The implication is clear: But for the error in his paperwork, he would have been released, and he deserves damages because he was not. Collins thus challenges a "wrong result"—which *Dotson* specifically prohibits. 544 U.S. at 80.

We have addressed a substantially similar case before. In *Jeffery v. Owens*, we held that *Heck* barred a prisoner from attacking a parole denial which he alleged was due to a specific error in his parole proceedings. 216 F. App'x 396, 397 (5th Cir. 2006) (per curiam). In that case, the plaintiff alleged that his parole record included arrests that had been expunged before review and that, as a result, the individuals on his parole board violated his civil rights by considering the faulty information. *Id.* And as with Collins, the plaintiff in *Jeffery* demanded punitive and compensatory monetary damages as part of his requested relief. As we found then, "[g]ranting [compensatory and punitive damages] necessarily implies that [the plaintiff] was denied parole in error." *Id.* Consequently, it ran afoul of *Heck*'s prohibition of granting such relief "until the decision to deny [the plaintiff] parole is reversed or otherwise called into question." *Id.* (citing *Heck*, 512 U.S. at 486–87).

Collins argues that his parole decision *was* invalidated by a subsequent parole hearing that granted him parole. He says that "parole and release are 'executive orders' by the State of Texas, equivalent to a judge's orders or decisions. Meaning, [they] satisfy[] the *Heck* favorable termination requirement." However, by his admission, "*another* parole proceeding" ultimately released him. And the Certificate of Parole itself does not imply that the result of the prior parole hearing was invalid, much less that it was invalid due to the parole board having inaccurate information at the time of the preceding review.

Of course, *Jeffery* does not bind us. But its logic is persuasive. *Cf. Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority."). The purpose of the rule laid out in *Heck* was to stop civil tort actions for damages where the plaintiff would be required "to prove the unlawfulness of his . . . confinement." 512 U.S. at 486. Here, Collins believes he is owed money damages because he was not released after his early 2021 parole hearing due to Reed and Alfredo's alleged retaliatory actions. Granting such relief would necessarily imply the invalidity of his confinement after that hearing for reaching the wrong determination. Consequently, *Heck* renders Collins' claims frivolous.

We AFFIRM. Collins' outstanding motions are DENIED as moot.