# United States Court of Appeals for the Fifth Circuit

---

No. 23-10366
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 6, 2023

Lyle W. Cayce
Clerk

Michael Logan Lowery,

*Plaintiff—Appellant*,

*versus*

Adam R. Gonzales; Joe Tovar; Amy A. Garcia; Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CV-16

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Michael Logan Lowery, Texas prisoner # 1954001, filed a pro se civil suit alleging violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Texas Religious Freedom and Restoration Act (TRFRA), and the right of equal protection. After the case was removed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10366

from state court, the district court granted the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). Lowery now appeals.

Because "even a *pro se* appellant cannot raise new theories for relief for the first time on appeal," we decline to address claims in Lowery's brief that he failed to present to the district court. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 n.2 (5th Cir. 2023). His pending motions, which rely on those claims and related allegations, are DENIED.

This court reviews Rule 12(c) dismissals de novo, applying the same standard used for deciding motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). A plaintiff avoids dismissal by "plead[ing] sufficient facts to state a claim to relief that is plausible on its face." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks and citation omitted).

Both RLUIPA and TRFRA protect religious exercise, and "[c]laims under TRFRA may be resolved by consideration of case law applying RLUIPA[.]" *McFaul v. Valenzuela*, 684 F.3d 564, 576 (5th Cir. 2012); *see* 42 U.S.C. § 2000cc-1(a); Tex. Civ. Prac. & Rem. Code § 110.003(a)-(b). Lowery avers that racial segregation is an aspect of his religious beliefs and complains of being housed with non-white inmates. The district court found these allegations insufficient to plead "the existence of a substantial interference with a religious exercise," which is required to support a RLUIPA claim. *Baranowski v. Hart*, 486 F.3d 112, 124 (5th Cir. 2007). As Lowery shows no error in that determination, we conclude his statutory claims were properly dismissed. *See id.*; *McFaul*, 684 F.3d at 576.

The elements of an equal protection claim are that the plaintiff was treated differently than similarly situated individuals and the unequal treatment stemmed from a discriminatory intent. *Fennell v. Marion Indep.*

2

*Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015).  As the district court observed, Lowery alleges only that different groups have received different treatment; he does not plead facts that show or suggest this disparate treatment was the result of a discriminatory intent.  This claim accordingly fails as well.  *See id.*

Lowery also maintains that the district court erred by not allowing him to submit evidence before dismissing his claims, but in doing so ignores the fact that the court was authorized to grant judgment on the pleadings.  *See* FED. R. CIV. P. 12(c). Even assuming Lowery has not abandoned this issue through inadequate briefing, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), his argument is unavailing.

For these reasons, we AFFIRM the judgment of the district court.