# United States Court of Appeals for the Fifth Circuit

No. 23-50338
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ismael Serna Moreno,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2327-1

_____

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ismael Serna Moreno, a 59-year-old federal prisoner who has served approximately half of his 300-month sentence, appeals the district court's denial of his motion for compassionate release. He argues that he has presented extraordinary and compelling reasons warranting his release under 18 U.S.C. § 3582(c)(1)(A) and that, in denying his motion, the district erred by treating the policy statement in U.S.S.G. § 1B1.13 as binding.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We start with Moreno's alleged error of law: that the district court improperly treated the policy statement in U.S.S.G. § 1B1.13 as binding. Though Moreno raises this issue as one of two in his brief, he dedicates no argument to it. He merely recites the governing law and does not explain how the district court failed to follow it. The absence of argument would ordinarily result in forfeiture. *See United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022). But Moreno is proceeding pro se and urges us to construe his briefing liberally. *See Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). Even so, we see no error in the district court's order below. In denying Moreno's motion, the district court specifically noted that the policy statement in the sentencing guidelines was non-binding and correctly cited our decision in *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021), for that proposition. Thus, even assuming Moreno has made this argument (and construing that argument liberally), we find it without merit.

But even if we were to agree with Moreno that the district court somehow erred in its treatment of § 1B1.13, it would not matter because its decision was independently supported by the sentencing factors. As we observed in *United States v. Jackson*, this court has "regularly affirmed the denial of a compassion-release motion—even in cases with a *Shkambi* problem—where the district court's weighing of the Section 3553(a) factors can independently support its judgment." 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). Here, the district court noted the nature of Moreno's crimes—nine robberies while brandishing his gun or threatening his victims with one—and found that releasing him now, halfway through his sentence, would neither adequately deter criminal conduct nor avoid unwarranted sentencing disparities among similarly situated defendants.

We do not understand Moreno's brief—again, liberally construed— to challenge the district court's decision under the sentencing factors. There is also nothing in Moreno's underlying motion before the district court which

suggested that a reweighing of the § 3553(a) factors warranted a 12-year reduction in his sentence—a sentence to which he already received a significant downward variance. Thus, even giving Moreno every benefit of the doubt, we fail to see any abuse of discretion in the district court's decision. *See Jackson*, 27 F.4th at 1091.

Having determined that the district court's weighing of the § 3553(a) factors independently supports its decision, we need not consider whether Moreno has presented extraordinary and compelling reasons justifying release. The judgment of the district court is accordingly AFFIRMED.