# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50492
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 20, 2023

Lyle W. Cayce
Clerk

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Greg Abbott, *Governor of the State of Texas-In his official capacity*;
Marsha McLane, *Texas Civil Commitment Office Director-In her official capacity*; Judge Pat MaGuire, *198th District Court of Texas-In his official capacity*; Judge Patty Maginnis, *435th District Court of Texas*;
Judge Stephanie Boyd, *187th District Court of Texas*; Judge
Albert Pattillo, *216th District Court of Texas*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-469

———————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50492

Lonnie Kade Welsh, former Texas prisoner # 2201624 and civilly committed sexually violent predator, as defined by Texas Health & Safety Code § 841.003, filed a complaint seeking declaratory and injunctive relief under 42 U.S.C. § 1983.  In his complaint, Welsh alleged that he did not possess the requisite mens rea at the time of his prior sexual convictions and that his civil commitment was an act of fraud.  He requested the district court overturn his prior criminal convictions underlying his civil commitment and the order of civil commitment, or for an acquittal rendered by the Governor of Texas.

The district court dismissed Welsh's § 1983 claims for failure to state a claim in which any relief could be provided pursuant to 28 U.S.C. § 1915(e)(2)(B).  On appeal, Welsh contends that, because he no longer has a habeas remedy available to him, he should not be precluded from bringing a § 1983 action.  Our review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Welsh has not shown that the district court erred in dismissing his § 1983 claims for failure to state a claim under which relief can be granted.  If the district court were to award the relief Welsh seeks, its actions would implicitly call into question the validity of his prior convictions.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Because there is no evidence showing that Welsh's prior convictions have been reversed or otherwise called into question, this claim is barred under *Heck*'s universal favorable-termination rule.  *See id.*; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Collins v. Dallas Leadership Foundation*, 77 F.4th 327, 330 (5th Cir. 2023).

Finally, insofar as Welsh also sought to overturn or invalidate the order of civil commitment in his § 1983 complaint, Welsh did not assert, let alone brief on appeal, whether *Heck* applies to this claim.  Although we apply

less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *see also Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); Fed. R. App. P. 28.  Thus, even construing his pro se brief liberally, Welsh did not preserve this specific argument for appeal.

Welsh again is WARNED that future frivolous filings will invite the imposition of sanctions, which may include monetary sanctions or limits on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

The judgment of the district court is AFFIRMED.