# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2026

Lyle W. Cayce
Clerk

————————

No. 24-40838

————————

Phyllis June Burris,

*Plaintiff—Appellant*,

*versus*

Wilmington Savings Fund Society, FSB, *not Individually but solely as Trustee for Finance of America Structured Securities Acquisition Trust 2018-HB1*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:24-CV-225

———————————————————————

Before Richman, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Phyllis Burris, a pro se litigant, appeals from the district court's grant of summary judgment to appellee Wilmington Savings Fund Society and the court's entry of a prefiling injunction against her after it deemed her a vexatious litigant. We affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40838

# I

O.T. Wallace, Jr., executed a will in 2012 leaving his entire estate to his children. Then, in 2016, he executed a second will leaving his estate to his neighbor, appellant Phyllis Burris. Wallace then reverse-mortgaged his house with Community First National Bank ("Community First"). Wallace died in 2017, and Burris moved into his house.

Wallace's son applied to probate the 2012 will, and Burris filed a competing application to probate the 2016 will. Community First's successor, Finance of America Reverse ("Finance of America"), filed a petition against Burris and Wallace's heirs seeking foreclosure on the house because no one paid the reverse mortgage after it was accelerated by Wallace's death. The probate court granted Finance of America summary judgment and authorized it to foreclose.

Before the probate case concluded, representing herself, Burris sued Finance of America in federal court seeking an injunction to prevent her eviction.[1] The district court granted Finance of America summary judgment on the grounds that the final judgment in the probate case precluded Burris's claims.[2] Finance of America, along with appellee Wilmington Savings Fund Society ("Wilmington"), to whom Finance of America transferred the reverse-mortgage interest, repeatedly attempted to foreclose on the house and evict Burris. But each time, Burris filed for bankruptcy. In total, Burris filed five bankruptcy petitions. Each was dismissed. The day she filed her third bankruptcy petition, Burris also sued Finance of America and

---

[1] *Burris v. Van Slyke*, No. 1:19-CV-00160, 2020 WL 1500065, at *1 (E.D. Tex. Mar. 18, 2020), *R. & R. adopted*, 2020 WL 1495783 (Mar. 27, 2020).

[2] *Id.* at *3.

2

No. 24-40838

Wilmington in Texas state court, seeking an injunction to prevent the foreclosure. That suit was ultimately dismissed.

Finance of America and Wilmington scheduled another foreclosure sale. Representing herself again, Burris filed the instant suit in state court against Wilmington as trustee for Finance of America, seeking an injunction to stop the sale. Burris alleged fraud in foreclosure of the home, slander of title, and cloud on title. Wilmington removed the case to federal district court on the basis of diversity jurisdiction. The parties cross-moved for summary judgment and to declare the other a vexatious litigant. The magistrate judge recommended granting summary judgment for Wilmington, declaring Burris a vexatious litigant, and enjoining Burris from filing any future lawsuits stemming from the foreclosure on the property in any state or federal court without that court's permission. The district court adopted the recommendation. Burris timely appealed.

## II

Burris asserts through her first set of arguments that the district court erred by granting summary judgment to Wilmington. We review "a district court's grant of summary judgment de novo."[3] "Summary judgment is proper where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[4]

## A

Burris argues the final judgment entered in the probate proceedings "cannot be used as [r]es [j]udicata evidence to rule on summary judgment

---

[3] *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017) (quoting *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011)).

[4] *Id.* (quoting FED. R. CIV. P. 56(a)).

No. 24-40838

against" her because it has become invalid due to a four-year statute of limitations. Burris appears to conflate Texas's four-year statute of limitations to foreclose or file suit to foreclose a real property lien[5] with the ten-year period lenders have to execute a final judgment to foreclose before the judgment becomes dormant.[6] The final judgment allowing foreclosure was entered in the probate proceedings in 2019, allowing the final judgment to be executed until 2029.[7]

Burris further argues "[t]he Probate Judgment for Foreclosure rendered by Jefferson County Court of Probate is not a valid judgment because the Defendants committed fraud upon the Court by not issuing a Notice of Creditor's Claim of debt as required under Texas Estates Code § 355.001." Burris is attempting to relitigate the final judgment entered in the probate proceeding. However, she is barred from doing so by res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[8] "Res judicata prevents a later suit . . . from collaterally attacking a prior judgment by a court of competent jurisdiction."[9]

> Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on

---

[5] Tex. Civ. Prac. & Rem. Code § 16.035.

[6] *Id.* § 34.001.

[7] *See id.*

[8] *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

[9] *Id.*

the merits; and (4) the same claim or cause of action must be involved in both cases."[10]

With respect to the first requirement, "'parties' for purposes of res judicata does not mean formal, paper parties only, but also includes 'parties in interest.'"[11]  "A non-party is in privity with a party for res judicata purposes . . . if he has succeeded to the party's interest in property . . . ."[12] Here, Finance of America was a party to the probate case, and Wilmington is in privity with Finance of America due to its interest in the reverse mortgage, satisfying the first element of res judicata.

The other elements of res judicata are also met.  The final judgment entered in the probate proceedings was entered by a court of competent jurisdiction and was a final judgment on the merits.  Burris's claims are premised on alleged fraud surrounding the right to foreclose on the house, which was adjudicated in the probate proceedings to a final judgment on the merits.  Finally, Burris's claims arise out of the same nucleus of operative facts as those in the probate proceedings,[13] the reverse mortgage and foreclosure of the house.  Because Burris's claims are barred by res judicata, summary judgment was appropriate.

**B**

Burris next argues the district court erred by granting summary judgment without further discovery.  But "[t]o obtain a continuance for additional discovery, the nonmoving party must request it from the district

---

[10] *Id.* (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)).

[11] *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 983 (5th Cir. 1990).

[12] *Id.*

[13] *Hou. Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)).

No. 24-40838

court."[14] Burris did not move for a continuance to obtain discovery "and therefore has waived any objection on appeal."[15]

## C

Lastly, Burris argues the district court's grant of summary judgment deprived her of her Seventh Amendment right to a trial by jury. This argument fails because the Supreme Court has long held summary judgment does not violate the Seventh Amendment.[16]

## III

Burris asserts procedural errors and misrepresentations by Wilmington, namely that Wilmington "violated various provisions of the Rules of Civil Procedure" and "falsified the truth to the Court that the foreclosure was no longer active." We "construe [Burris's] filings liberally because [s]he is a *pro se* litigant."[17] However, while "this court applies less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construes briefs of *pro se* litigants, *pro se* parties must still brief the issues and reasonably comply with the requirements of Rule 28."[18]

Federal Rule of Appellate Procedure 28 requires an appellant's brief to contain the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant

---

[14] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991) (describing Federal Rule of Civil Procedure 56(f), since amended in 2010 to be codified at Rule 56(d)).

[15] *Fisher v. Casterline*, 173 F. App'x 356, 357 (5th Cir. 2006) (describing Rule 56(f), since amended in 2010 to be codified at Rule 56(d)).

[16] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-21 (1902)).

[17] *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

[18] *Banks v. Toys "R" Us*, 115 F. App'x 215, 216 (5th Cir. 2004).

relies."[19] "A party may forfeit an argument through inadequate briefing in several ways, such as . . . by failing to 'offer record citations.'"[20] Here, Burris fails to offer any citations to the record to support her contentions of error on behalf of Wilmington. Accordingly, she has forfeited these arguments.

## IV

Burris further contends that Federal Rule of Evidence 404(b)(1) prohibited the district court from judicially noticing documents from her previous lawsuits when deeming her a vexatious litigant. This argument is without merit. The district court properly noticed those documents per Federal Rule of Evidence 201, which permits the court to "judicially notice a fact that is not subject to reasonable dispute" if it "is generally known within the trial court's territorial jurisdiction;" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[21] Rule 404(b) does not preclude a court from taking judicial notice of facts that meet these criteria.

## V

Finally, Burris challenges the district court's entry of a prefiling injunction against her after it deemed her a vexatious litigant. Burris argues "[t]he District Court does not have the power under the All Writs Act to issue orders enjoining repeatedly vexatious litigants from filing future state

---

[19] FED. R. APP. P. 28(a)(8)(A); *see also* 5TH CIR. R. 28.2.2 ("Every assertion in briefs regarding matter in the record must be supported by a reference to the page number of the original record . . . where the matter is found using the record citation form as directed by the Clerk of Court.").

[20] *Schnell v. State Farm Lloyds*, 98 F.4th 150, 161 (5th Cir. 2024) (quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021)).

[21] FED. R. EVID. 201(b).

No. 24-40838

court actions." Burris is mistaken, as "it is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court."[22]

\*    \*    \*

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment, deeming of Burris a vexatious litigant, and entry of a prefiling injunction.

_____

[22] *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).